[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 28.]

STARK COUNTY BAR ASSOCIATION *v*. OHLWEILER.

[Cite as *Stark Cty. Bar Assn. v. Ohlweiler*, 2002-Ohio-1367.]

*Attorneys at law—Misconduct—Two-year suspension with entire sanction stayed on conditions—Failing to file bankruptcy for numerous clients after accepting fees to do so.*

(No. 01-1882—Submitted December 12, 2001—Decided March 27, 2002.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-25.

_____

*Per Curiam.*

{¶ 1} In July 1995, Molly McNulty retained respondent, Robert J. Ohlweiler, currently of San Diego, California, Attorney Registration No. 0037651, and, by October, had paid him $440 of an agreed $550 fee to file a bankruptcy. Before McNulty could pay the last installment, respondent closed his Canton, Ohio office, disconnected his telephone, and could not be contacted. Respondent retained McNulty's money and did not file a bankruptcy case for her.

{¶ 2} Prior to June 1997, Suzette and Kevin Gowens paid respondent $675 to file a bankruptcy for them. Respondent did not file the case. After the relator, Stark County Bar Association, began to investigate a grievance filed by the Gowenses, respondent returned their file and their money. Similarly, after relator commenced an investigation, respondent returned to Trish Parker the $305 fee he had received from her in May 1996 to file a bankruptcy. After May 1996, she could not contact respondent. The Miller matter was the same. In 1996, respondent received $560 from Jamie Miller but never filed a bankruptcy for him and failed to respond to Miller's inquiries. Respondent refunded the money to Miller after respondent began its investigation. Earlier, in 1995, Jennifer L. Winters retained

respondent for the purpose of filing a bankruptcy and paid him $250. Thereafter, respondent did not file the bankruptcy, and Winters could not contact him. He did return the money to Winters when relator began its investigation. Again, in 1997 after Patrick Starkey paid respondent his fee of $365, respondent failed to file a bankruptcy for Starkey and returned the fee only upon the inquiry and investigation of relator.

{¶ 3} On April 3, 2000, relator filed a complaint charging that this conduct of respondent violated the Code of Professional Responsibility. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 4} At a hearing, the panel considered testimony and stipulations and then found the facts as set forth above and concluded that in each case, respondent violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter) and 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment). The panel noted in mitigation that respondent's misconduct during 1996 and 1997 was at least in part a consequence of his alcohol addiction. Further, respondent attempted rehabilitation at a facility in New Jersey but relapsed after returning to Ohio. In 1999, he again attempted rehabilitation, this time in San Antonio, Texas. Believing that he had succeeded in rehabilitation, respondent moved to California, where he was also admitted to the bar, in an attempt to practice law there. However, shortly thereafter, respondent again relapsed into alcohol consumption. Finally, respondent entered the Pathfinders program in San Diego, California, and has remained sober while in that program. He expressed remorse for his actions and indicated that he did not intend to resume the practice of law in Ohio, where he is presently registered inactive.

{¶ 5} The panel recommended that respondent be suspended from the practice of law for two years, with the entire two years stayed pending respondent's completion of two years of probation on the following conditions: that

2

respondent's probation be supervised by relator through a monitoring program including random testing by an alcohol-treatment provider in California, that respondent become current with all continuing legal education requirements in Ohio, that he report all disciplinary actions to relator, that he remain in good standing with the Supreme Court of Ohio, and that, within ninety days, through the relator, he refund $440 to Molly McNulty plus interest at ten percent per year from October 31, 1997. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 6} We have reviewed the record and adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law in Ohio for two years, with the entire two years stayed pending respondent's completion of two years of probation on the following conditions in conformance with the recommendation of the panel as adopted by the board: that respondent's probation be supervised by relator through a monitoring program including random testing by an alcohol treatment provider in California, that respondent become current with all continuing legal education requirements in Ohio, that he report all disciplinary actions to relator, that he remain in good standing with the Supreme Court of Ohio, and that, within ninety days, through the relator, he refund $440 to Molly McNulty plus interest at ten percent per year from October 31, 1997. Failure to meet these conditions of probation will result in the entire two-year suspension being imposed. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 7} I respectfully dissent from the majority's decision to stay the entire two years of the respondent's suspension from the practice of law. Instead, I would impose an actual suspension of one year and stay one year of the suspension. Based upon the number of grievances filed against this respondent, his ongoing abuse of alcohol, and the number of proven disciplinary violations, I would impose a more stringent penalty.

————————

*Richard S. Milligan, Thomas A. Burns* and *John P. Van Abel,* for relator.

*Robert J. Ohlweiler, pro se.*

————————